UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DENNIS STEWART,

        Plaintiff,

v.

STATE OF MICHIGAN, *et al.*,

        Defendants.

_____/

Case No. 1:05-CV-559

Hon. Richard Alan Enslen

**OPINION**

     This matter is before the Court on Defendants Ralph Hauenstein, Carolyn Hauenstein, Lois Clark, Margaret Hill, Roger Stedman, Beverly Stedman, Jerry Disler, Michael Kerin, John Pool, Lee Olsen, and Law, Weathers and Richardson, P.C.'s ("Individual Defendants") Motion to Dismiss.[1] Also before the Court is Defendant State of Michigan's Motion to Dismiss. Finally, pending before the Court is Plaintiff Dennis Stewart's Notice of Default and Application for Default Judgment. The Court has reviewed the filings and sees no reason for oral argument. W.D. MICH. LCIVR 7.2.

**I.    BACKGROUND**

     Plaintiff's Complaint leaves the general impression that he is injured as a result of the political developments in Reynolds Township, Michigan. His Complaint is a 41-count, 130-page, 804-paragraph document outlining his various, often unrelated, grievances against the State of Michigan, various public officials and private individuals, a law firm, and a newspaper. According

---

[1] The Individual Defendants' Motion to Dismiss has referenced one writing outside the pleading which would require their Motion to be reviewed under Federal Rule of Civil Procedure 56. *See* FED. R. CIV. P. 12(b). However, because the inclusion of that referenced writing was an affirmative duty that Plaintiff failed to comply with, the Court will construe Plaintiff's Complaint as if the referenced writing were properly attached to his Complaint. Accordingly, the Court will review Defendants' Motion under Rule 12(b).

to Defendants, Plaintiff has a history as a vexatious and harassing litigator, so much so that Plaintiff has been sanctioned twice and the Honorable David W. McKeague, in his former capacity as United States District Judge for the Western District of Michigan, saw fit to permanently enjoin Plaintiff.[2] Judge McKeague's Judgment and Permanent Injunction reads in pertinent part as follows:

> **IT IS FURTHER ORDERED** that Plaintiff Dennis Stewart is hereby enjoined from filing of any civil action against any defendant named in this lawsuit or ***any other judicial officer*** or employee ***unless the plaintiff first files a bond with the court in amount of $25,000*** to cover costs, fees, and sanctions that may be levied against him. ***Dennis Stewart must attach a copy of this order to his future complaint. Failure to comply with the requirements of this injunction shall also be sufficient grounds for the court to dismiss his complaint with prejudice.***

*United States ex rel. Dennis Stewart v. Fleet Fin. Group*, No. 1:98-CV-75 (W.D. Mich. Aug. 31, 1999) (emphasis supplied). The Court of Appeals affirmed this decision. Thus, as a prerequisite to suing any judicial officer, Plaintiff was required to post a $25,000 bond with the Clerk of the Court and attach Judge McKeague's Order to his complaint.

Plaintiff's Complaint in this Court lists 18 defendants in the caption, none of which are judges. However, careful review of Plaintiff's Complaint makes clear that he has asked this Court to issue relief against three judicial officers. In Count 23 of his Complaint, Plaintiff states that:

> 548. It is a flagrant denial of due process for a judge to knowingly allow advancement of a court proceeding without ordering a joinder of necessary parties.
> 549. An unbiased judge, pursuant to the applicable court rule, would have required the joinder of all parties participating in the recall, including the sponsor thereof.
> 550. But Charles Miel[3] did not require joinder in *Hauenstein v. Millard* due to inextricably intertwined financial interests represented by the law firm of Miel &

---

[2] Judge McKeague has since been elevated to the United States Sixth Circuit Court of Appeals.

[3] Referring to the Honorable Charles H. Miel, Chief Judge of the State of Michigan's 8th Circuit Court.

> Carr, and further, his friendship and professional associations with the plaintiff in said cause.
>
> 551.    The "inextricably intertwined financial interest" and "friendship" aforementioned are the proximate causes of a collusive and unlawful action.
>
> * * *
>
> Wherefore, Plaintiff prays for this Court to:
>
> I. issue an order that defendant State of Michigan, acting through its Judicial Tenure Commission, *shall not* adopt policy or discriminatory practice which favors or disfavors selected members of the judiciary.  Further, the state of Michigan shall issue to Charles Miel a notice of opportunity (show cause) to show compliance with Judicial Cannons for his participation in *Hauenstein v. Millard*;
>
> II. issue an order which requires the State of Michigan, upon completion of said proceedings, to file a report, under pain of contempt, showing good faith compliance with this order.
>
> III. issue an order which states that Judge Charles Miel shall not preside over any cause in which Plaintiff is a party;
>
> * * *

(Pl.'s Compl. ¶¶ 548-551 & following wherefore cl.) (emphasis in original).  Similarly in Count 32, Plaintiff states that:

> 692.    *Mayberry v. Pennsylvania*, 400 U.S. 455, 465-466 (1971) and *Crampton v. Dept. of State*, 395 Mich 347; 235 NW2d 352 (1975) stand for the proposition that the Due Process Clause of the 14th Amendment requires the disqualification of a judge where that individual, inter-alia, is enmeshed in other matters involving a litigant.
>
> 693.    Following the hearing on September 17, 2003 during which it was stated that Plaintiff had conducted an investigation into an unrelated matter that revealed criminal misconduct on the part of Donald Hemingsen[4] through his litigating a fraudulently obtained judgment on behalf of an absent attorney, Donald Hemingsen was dutybound to disqualify himself from any further participation in State v. Stewart.
>
> * * *
>
> Wherefore, Plaintiff prays this Court to:
>
> I. issue an order that defendant state of Michigan, acting through its States Court Administrator's Office, shall make compliance, under pain of contempt, with the decision in *Mayberry*;
>
> II. issue an order that defendant state of Michigan, acting through its Judicial Tenure Commission, shall issue to Donald Hemingsen a notice of opportunity to show

---

[4] Referring to the Honorable Donald R. Hemingsen, Chief Judge of the State of Michigan's 64B District Court.

>   compliance with Judicial Cannons for his participation in State of Michigan v. Stewart;
>   III. issue an order which states that Donald Hemingsen shall not preside over any cause in which this Plaintiff is a party;
>   * * *

(*Id.* at ¶¶ 692-93 & following wherefore cl.).  Finally, Count 41 of Plaintiff's Complaint evidences his desire for this Court to enter relief against a judge when he states:

>   795.   David Hoort[5] plagiarized Plaintiff's conclusion from a motion to dismiss in the case known as "*Hauenstein v. Millard*," and used those words to ridicule Plaintiff during an open session of court in August 2003.
>   796.   The theft by Hoort and use of Plaintiff's material was intended as a mockery.  But this was not just a dramatic contrivance; on the contrary, it exposed an unwarranted loyalty to the plaintiff in said case, which was Ralph Hauenstein.
>   * * *
>   Wherefore, Plaintiff requests this Court to issue a declaratory judgment in favor of Plaintiff, and against the State of Michigan, which;
>   I. dissolves the PPO entered against Plaintiff'
>   II. orders the State of Michigan to expunge Plaintiff's name from the LEIN registry;
>   III. directs the State of Michigan, acting through its Judicial Tenure Commission, to order David Hoort to show cause why he should not be removed from the bench, or otherwise disciplined in a manner consistent with the conduct he has indulged;
>   * * *

(*Id.* at ¶¶ 795-96 & following wherefore cl.).

Plaintiff's Complaint asks this Court to grant him relief against three judicial officers, and despite their absence as captioned defendants, these judges are defendants in this action in every sense of the word.  Plaintiff does not dispute that he did not submit a $25,000 bond to the Clerk of the Court prior to initiating this action.  Furthermore, Plaintiff does not dispute that he did not attach Judge McKeague's Order to his Complaint.  Plaintiff has violated Judge McKeague's Order and his attempts to circumvent the effect of that Order are not well taken in this Court.  Plaintiff is cautioned

---

[5] Referring to the Honorable David A. Hoort, another 8th Circuit Court Judge.

that further ventures in this Court designed to harass any defendant will likely meet a direct monetary sanction. *See* FED. R. CIV. P. 11.

Therefore, the Court will grant Defendants Ralph Hauenstein, Carolyn Hauenstein, Lois Clark, Margaret Hill, Roger Stedman, Beverly Stedman, Jerry Disler, Michael Kerin, John Pool, Lee Olsen, and Law, Weathers and Richardson, P.C.'s Motion to Dismiss. The Court will deny Defendant State of Michigan's Motion to Dismiss, Plaintiff Dennis Stewart's Notice of Default, and his Application for Default Judgment as moot. A Judgment consistent with Opinion shall issue.

Dated in Kalamazoo, MI:                   /s/Richard Alan Enslen
February 17, 2006                          Richard Alan Enslen
                                                    Senior United States District Judge